**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Philip A. Brimmer**

Civil Action No. 10-cv-02757-PAB-KMT

JOHN BALLARD,

      Plaintiff,

v.

TRITOS, INC., a New York corporation,
STOCK MARKETING, INC., a corporation of unknown jurisdiction, and
JEFFREY HAGEN, an individual,

      Defendants.

---

## ORDER REMANDING CASE TO STATE COURT

---

This matter is before the Court on plaintiff's motion to remand [Docket No. 8]. The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

Plaintiff initiated this action in the District Court for Jefferson County, Colorado on August 23, 2010. In his complaint [Docket No. 1-1 at 6-10], plaintiff alleges that he wired defendants $100,000 for a promotional campaign, which defendants then refused to return to him. Plaintiff's claims for relief include theft, conversion, unjust enrichment and money had and received. Defendants were served with the complaint on September 2, 2010. Defendants filed a motion to dismiss, arguing that the state court did not have personal jurisdiction over them. On October 22, 2010, the state court denied defendants' motion.

Defendant removed this action to this Court on November 10, 2010 pursuant to

18 U.S.C. § 1441, invoking 28 U.S.C. § 1332(a)(1), which provides that this Court "shall

have original jurisdiction of all civil actions where the matter in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of

different States."  28 U.S.C. § 1332(a).  On November 17, 2010, plaintiff filed his motion

to remand this case to state court, arguing that defendants had failed to comply with 28

U.S.C.  § 1446(b), which requires the notice of removal to be "filed within thirty days

after the receipt by the defendant, through service or otherwise, of a copy of the initial

pleading setting for the claim for relief."  28 U.S.C.  § 1446(b).

## II. DISCUSSION

### A.  <u>Failure to Confer per D.C.Colo.LCivR 7.1A</u>

As a preliminary matter, defendants contend plaintiff's motion to remand should

be denied because plaintiff did not comply with the duty to confer requirement of

D.C.Colo.LCivR 7.1A.  Local Rule 7.1A mandates that the Court not consider any

motion, other than a motion under Fed. R. Civ. P. 12 or 56, unless "counsel for the

moving party or a pro se party, before filing the motion, has conferred or made

reasonable, good-faith efforts to confer with opposing counsel or a pro se party to

resolve the disputed matter."  D.C.Colo.LCivR 7.1A.  In his motion, plaintiff stated that

his counsel had called and left a voice mail message for defendants' counsel at 11:20

a.m. on November 16, 2010, but received no response before filing his motion at 9:23

a.m. on November 17, 2010.  Docket No. 8 at 1.  Defendants contend this phone call

was insufficient to discharge plaintiff's duty to confer under D.C.Colo.LCivR 7.1A and,

2

therefore, plaintiff's motion should be denied.  Docket No. 15 at 1-4.  Defendants do

not, however, agree to the relief requested by plaintiff's motion.  *See id.* at 5-8.

Here, in the context of a motion to remand, plaintiff's call to defendants' counsel

nearly twenty-four hours before filing the motion was sufficient, though barely, to comply

with Local Rule 7.1A.  Moreover, defendants' claim that actual conferral might have

resulted in an agreement between the parties without a need for plaintiff's motion to

remand is specious as defendants clearly oppose the relief sought by the motion.

**B.  Propriety of Removal under 28 U.S.C. § 1446(b)**

Defendants argue removal was proper because, in addition to allowing removal

thirty days after receipt of the complaint, "[i]f the case stated by the initial pleading is not

removable," 28 U.S.C. § 1446(b) also allows for removal within thirty days of the

defendant's receipt of "an amended pleading, motion, order or other paper from which it

may first be ascertained that the case is one which has become removable."  28 U.S.C.

§ 1446(b).  Defendants contend that this case was not removable until the state court

denied their motion to dismiss for lack of personal jurisdiction.  Docket No. 15 at 5-7.

Defendants argue that they could not rely on plaintiff's complaint to conclude that the

case was removable because they contested its veracity, and therefore, it was prudent

to wait to remove until the state court ruled on their motion to dismiss.  *See id.* at 6.

Defendants' argument is without merit.  The basis for federal diversity jurisdiction

under 28 U.S.C. § 1332(a)(1) was clear from the face of plaintiff's complaint, which

stated that plaintiff was a resident of Colorado and that he was seeking return of

$100,000, an amount over $75,000.  *See* Docket No. 1-1 at 7.  Defendants knew that

3

they were citizens of New York and therefore diverse from the plaintiff when the

complaint was filed.  Moreover, although defendants challenged the facts stated in the

complaint in their motion to dismiss, they did not challenge any of the facts on which

diversity jurisdiction is based, such as the amount in controversy or the citizenship of

the parties.  Instead, their motion to dismiss only contended that defendants did not do

business in Colorado or contact plaintiff in the state.  *See* Docket No. 1-1 at 15-22.

Section 1446(b) does not allow defendants to wait for a state court to rule on their

motion to dismiss for lack of personal jurisdiction before removing a case they know to

be removable.  *See Griggs v. Feins*, 2010 WL 431967 at *2 (E.D.N.C. Feb. 3, 2010).

Defendants filed their notice of removal more than thirty days after the complaint

was filed in the state court action.  Thus, defendants' removal is untimely.  *See* 28

U.S.C. § 1446(b).  Plaintiff met his procedural obligations by filing a motion to remand

within thirty days of the removal notice.  *See* 28 U.S.C. § 1446(c).  Remand is therefore

appropriate.  *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir.

1999); *see also Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995)

("[U]ntimely removal [is] precisely the type of removal defect contemplated by §

1447(c).").

### C.  Award of Just Costs and Actual Expenses under 28 U.S.C. § 1447(c)

In his motion to remand, plaintiff requests that the Court award him the costs and

expenses he incurred as a result of defendants' defective removal.  Pursuant to § 1447,

"[a]n order remanding the case may require payment of just costs and any actual

expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. §

4

1447(c).  The decision of whether to award costs and expenses under 1447(c) rests in the discretion of the district court.  *See Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1147 (10th Cir. 2004); *Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 325 (10th Cir. 1994).  This decision, however, is guided by the standards articulated by the Tenth Circuit Court of Appeals.

For example, although § 1447(c) requires "a showing that the removal was improper *ab initio*," *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997), "a plaintiff is not automatically entitled to attorney's fees simply because removal was ultimately determined to be improper."  *Martin*, 393 F.3d at 1147.  Rather, the analysis that focuses on the propriety of the removal asks whether the removing party had a legitimate, fair, or objectively reasonable basis for removing the case.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005); *Suder*, 116 F.3d at 1353; *Daleske*, 17 F.3d at 324-25; *see also Martin*, 393 F.3d at 1147-48.  Furthermore, although a court need not find that the removing party acted in bad faith in order to award costs and expenses under § 1447(c), evidence regarding the intent and diligence of the removing party need not be ignored in evaluating the propriety of the removal.  *See Daleske*, 17 F.3d at 324.

The Court concludes that defendants had no legitimate, fair, or objectively reasonable basis for removing this case on November 10, 2010, well after the thirty day period of § 1446(b) expired.  As previously discussed, the Court's jurisdiction over this matter was ascertainable at the time defendants received plaintiff's complaint.  Instead of removing the case upon receiving this initial pleading, defendants chose to wait for

5

the state court to rule on their motion to dismiss.  Once the state court did not rule in their favor, defendants removed the case to federal court.

Defendants were on notice when they filed the removal that it was not proper. Defendants knew or should have known that the first paragraph of § 1446(b) controlled the time for removal in this case, giving them thirty days from the day they received the complaint to remove the case to this Court.  Defendants also knew or should have known that the second paragraph of § 1446(b) did not apply and that the state court's denial of its motion to dismiss on October 22, 2010 was not an amended pleading, motion, order or other paper from which federal court jurisdiction may have been *first* ascertained.  Defendants further knew or should have known that their removal was procedurally flawed, and, as a result, it would be proper for the Court to remand the case to state court.  Section 1447(c) and the case law interpreting it put defendants on notice that removal without a legitimate, fair, or objectively reasonable basis would result in their liability for the just costs and actual expenses incurred by plaintiff as a result of the removal.  At the time defendants removed this case, the law in this circuit was well settled regarding: (1) the standards for establishing this Court's jurisdiction in removal cases, *see Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); (2) the meaning of "first ascertained" under 28 U.S.C. § 1446(b), *see Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1035-36 (10th Cir. 1998); *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999); and (3) the standard regarding the award of just costs and actual expenses under 28 U.S.C. § 1447(c), *see Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  The fact that the law in this

circuit was well settled at the time of removal militates against a finding that there was a legitimate, fair, or objectively reasonable basis for that removal.  *See Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997).

In light of these facts, the Court concludes that defendants had no legitimate, fair, or objectively reasonable basis for removing this action.  Therefore, pursuant to 28 U.S.C. § 1447(c), plaintiff is entitled to his just costs and any actual expenses, including attorney's fees, incurred as a result of defendants' improper removal of this case. Plaintiff's Supplemental Affidavit, attached to his reply, complies with D.C.Colo.LCivR 54.3 and states that plaintiff's counsel spent 5.1 hours of attorney time reviewing the notice of removal, drafting and revising the motion for remand, and conferring with her client and opposing counsel.  Docket No. 16-1 at ¶ 2.  Plaintiff's counsel states that her hourly billing rate is $220 per hour.  The Court finds that the billing rate for plaintiff's counsel is reasonable for the Denver legal market for her level of experience.  The Court also finds that her time expenditure is reasonable and was incurred as the result of defendants' removal.  Thus, the Court awards plaintiff $1,122 in attorney's fees. Plaintiff does not seek any other costs.

Therefore, it is

**ORDERED** that plaintiff's Motion to Remand to State Court Pursuant to 28 U.S.C. § 1446(b) and for Attorney Fees and Costs Pursuant to 28 U.S.C. § 1447(c) [Docket No. 8] is GRANTED.  It is further

**ORDERED** that, pursuant to 28 U.S.C. § 1447(c), defendants shall pay to plaintiff attorney's fees in the amount of $1,122.00.  It is further

**ORDERED** that this case is **REMANDED** to the District Court of Jefferson

County, Colorado.


DATED December 30, 2010.

BY THE COURT:


  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge